UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN HILTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-01302 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| TENNESSEE BOARD OF PROBATION | ) | |
| AND PAROLES, | ) | |
| Defendant. | ) | |

MEMORANDUM

Plaintiff, Brian Hilton, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant Tennessee Board of Probation and Parole. Plaintiff alleges that the Plaintiff was illegally incarcerated for four days by the Defendant in June 2013. (Docket No. 1, Complaint at 1). Plaintiff seeks an injunction and "additional or alternative relief and/or compensation as may be just, proper, and equitable, including costs suffered." Id. at 3.

According to the complaint, on April 16, 2013, Plaintiff was released from parole, but on June 14, 2013, Plaintiff was served an arrest warrant for a violation of parole. Plaintiff then served four days' incarceration without the opportunity to post bail or to appear before a judge. Plaintiff alleges that he lost two jobs as a result of the circumstances of this case and irreparable harm. (Docket No. 2 at p. 5).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

1

To state a claim under 42 U.S.C. § 1983, the Plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978).

Yet, the Defendant Board of Paroles, an agency of the state of Tennessee cannot be sued in a Section 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff's claims against the Tennessee Board of Probation and Parole must therefore be dismissed.

For these reasons, the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2). Accordingly, the Plaintiff's complaint must be dismissed.

An appropriate Order will be entered.

**ENTERED** this the ___ day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court